**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| DIOMER ANDRADE-ARGUMEDO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02604-TLP-cgc |
| v. | ) | |
| | ) | |
| TRINITY MINTER, Warden, and US | ) | |
| IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT,[1] | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER AMENDING ECF NO. 7, REQUIRING RESPONSE,
AND DIRECTING CLERK TO MODIFY DOCKET**

Petitioner Diomer Andrade-Argumedo, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee since November 6, 2025, petitions for a writ of habeas corpus under 28 U.S.C. § 2241.  (ECF No. 2.)  He does so through next of friend, Angelica Montanez.  (*Id.*)

Although non-attorneys may not represent a party in federal court, a habeas petition may be submitted by the prisoner himself or "someone acting in his behalf."  28 U.S.C. § 2242.  This is known as the "next friend" doctrine.  *See Cardin v. United States*, 947 F.3d 373, 376 (6th Cir. 2020).  The "next friend 'does not h[er]self become a party to the habeas corpus action in which

---

[1] The proper respondent to the § 2241 Petition is the United States Immigration and Customs Enforcement District Director for the district in which the alien is being detained. *See Roman v. Ashcroft*, 340 F.3d 314, 320–22 (6th Cir. 2003). Christopher Bullock is the correct Respondent in this case. *See Deepak v. Ladwig*, No. 26-2218, ECF No. 12 at PageID 59 (W.D. Tenn.). The Court respectfully **DIRECTS** the Clerk to list "**Christopher Bullock**" as sole Respondent and to terminate all other named Respondents.

1

[s]he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)).

This doctrine has two requirements: "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate[.]" *Id.* (internal citations and quotation marks omitted).  It is the next friend's burden to meet these requirements.  *Whitmore*, 495 U.S. at 164 (citations omitted); *see also Moiseev by Kandashkina v. Raycraft*, No. 26-cv-1446, 2026 WL 1413110, at *2 (W.D. Mich. May 20, 2026) (finding the petitioner's next friend and wife met their burden because "the petition and attached documents adequately demonstrate[d] that the justice system [was] inaccessible to Petitioner, who [was] detained in an ICE detention facility with limited English proficiency").

The Court accordingly **AMENDS** its June 4, 2026, Order Directing Petitioner to Proceed Pro Se or Through Counsel and **ORDERS** one of the following:

(1)    If Ms. Montanez is not an attorney and intends to proceed as Petitioner's next friend, she shall file a document explaining in detail why she meets the above requirements; or

(2)    If Ms. Montanez fails to satisfy next friend requirements and is not an attorney, Petitioner may still retain counsel who files a notice of appearance or proceed pro se by filing a document explaining as much.

Petitioner or Ms. Montanez shall abide by this Order within **twenty-one (21) days**.  Failure to do so may result in the Court dismissing this case without further notice.  *See* Fed. R. Civ. P. 41(b).

**SO ORDERED**, this 25th day of June, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

2