**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| DIOMER ANDRADE-ARGUMEDO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02604-TLP-cgc |

---

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

---

Pro se Petitioner Diomer Andrade-Argumedo petitions for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 2.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 11.) Respondent responded (ECF No. 13), and Petitioner replied (ECF No. 14). For the reasons below, the Court **GRANTS** the Petition **IN PART**.

**BACKGROUND**

Petitioner is a Colombian citizen who applied for entry into the United States in October 2024. (ECF No. 13 at PageID 30.) The Government then served him with a Notice to Appear ("NTA") and charged him with being "an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa" and "a valid unexpired passport, or other suitable travel document." (*Id.* at PageID 30–31.) The NTA ordered Petitioner to appear before an immigration judge in Memphis, Tennessee, on January 12, 2026, "to show why [he] should not be removed from the United States." (ECF No. 13-1 at PageID 37.)

But on November 6, 2025, DeSoto County Law Enforcement arrested Petitioner for a "traffic offense." (ECF No. 13-2 at PageID 43.) The U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody a few days later. (*Id.* at PageID 42.) He has remained in ICE custody at the Western Tennessee Detention Center in Mason, Tennessee ever since. (*See* ECF No. 13 at PageID 31.) Petitioner filed his habeas Petition here in late May 2026. (ECF No. 2.)

Petitioner argues that ICE unlawfully revoked his Temporary Protective Status. (ECF No. 2 at PageID 6.) And because ICE has "fail[ed] to provide access to [the] bond process" (*id.*), Petitioner's "prolonged or indefinite immigration detention" violates due process. (*Id.*) He seeks immediate release or a "meaningful bond hearing before an impartial decision-maker to determine whether his continued detention is necessary." (*Id.* at PageID 7.)

**ANALYSIS**

On May 11, 2026, the Sixth Circuit issued its decision in *Lopez-Campos v. Raycraft*, affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th 713, 734 (6th Cir. 2026). The majority reasoned that the "text, canons, and past practice" of § 1225 and § 1226 support this conclusion. *Id.* at 725. "To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process." *Id.* at 735.

Respondent argues that *Lopez-Campos* does not apply here. (ECF No. 13 at PageID 34.) He rather argues that Petitioner is subject to mandatory detention under § 1225(b)(2)(A). (*See id.*) But Respondent's position is incompatible with the Sixth Circuit's holding above. And

courts in this district, including this one, have rejected similar arguments before. *See Aguilar-Rodriguez v. Ladwig*, No. 26-02168, 2026 WL 1266251, at *5 (W.D. Tenn. May 8, 2026) ("Because Petitioner's unlawful entry occurred over a year ago, the Court is not persuaded that she was actively seeking admission when ICE detained her here."); *Hernandez v. Ladwig*, No. 26-2081, 2026 WL 324020, at *6 (W.D. Tenn. Feb. 6, 2026) ("The language of § 1225(b)(2)(A) makes sense in the context of the border, but not in a situation like this, when a noncitizen has been physically present, albeit unlawfully, for over two years. To interpret "alien seeking admission" using its ordinary meaning but outside the context of the provision, as argued by Respondent, is untenable."). The Court finds no compelling reason to stray from this common-sense reasoning now. Petitioner is therefore entitled to a bond hearing under 8 U.S.C. § 1226(a).

Respondent also argues that the Court should deny Petitioner's habeas claim as premature because he has not requested a bond hearing with an immigration judge. (ECF No. 13 at PageID 32.) And he notes that Petitioner has yet to request a bond hearing. (*Id.*) But this is a curious position considering that Respondent claims Petitioner is subject to *mandatory* detention and therefore *not* entitled to a bond hearing. (*See id.* at PageID 35.)

Administrative exhaustion is required when mandated by Congress. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). But when, as here, no statute mandates exhaustion, whether to require exhaustion of administrative remedies lies within "sound judicial discretion." *Id.* In exercising that discretion, "federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *Id.* at 146; *see Smith v. United States Sec. & Exch. Comm'n*, 171 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citation omitted)). Institutional

interests are "protecting administrative agency authority and promoting judicial efficiency." *McCarthy*, 503 U.S. at 145.

There are times when the interest of the individual weighs heavily against the institutional interests at stake. Examples of this occur when "unreasonable or indefinite timeframe for administrative action" creates undue prejudice; when administrative remedies are inadequate because the agency is not "empowered" to grant effective relief; or when "an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it." *Id.* at 146–48. A court may also waive exhaustion when pursuing administrative remedies would be futile. *Shearson v. Holder*, 725 F.3d 588, 594 (6th Cir. 2013) (citation omitted).

Before *Lopez-Campos*, this Court routinely held that administrative exhaustion was futile. *See, e.g.*, *Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *3–4 (W.D. Tenn. Feb. 13, 2026). That was because the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado* made exhausting administrative remedies a fruitless endeavor. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025) (holding that aliens "who surreptitiously cross into the United States remain applicants for admission until and unless they are lawfully inspected and admitted by an immigration officer" because "[r]emaining in the United States for a lengthy period of time following entry without inspection, by itself, does not constitute an 'admission'"). For those petitioners to exhaust their administrative remedies, they would have needed to appeal to the same Board of Immigration Appeals that mandated their detention in the first place.

But these considerations are *usually* no longer present in a post-*Lopez-Campos* landscape. The Sixth Circuit has now ruled that noncitizens like Petitioner are entitled to a bond hearing.

And the need for a bond hearing was the entire underpinning of the Court's earlier holdings excusing exhaustion. Given these developments, the Court has recently been requiring Petitioners to exhaust their administrative remedies before seeking federal-court intervention.

The twist in this case is that Respondent seeks mandatory detention and opposes providing Petitioner with a bond hearing. Respondent's position in this case would then render the administrative process futile just like it did before *Lopez-Campos*. The Court thus finds with that the record supports excusing exhaustion. This is especially true considering that Petitioner has been in ICE custody for about nine months. This does not mean the Court will order his immediate release; instead, the Court will order that Petitioner receive the bond hearing to which he is lawfully entitled. *See, e.g.*, *Senuan v. Bullock*, No. 2:26-cv-02565-MSN-tmp (W.D. Tenn. June 16, 2026) (excusing exhaustion and ordering bond hearing).

## CONCLUSION

*Lopez-Campos* applies to Petitioner's detention, and he is therefore entitled to a bond hearing. For this reason, the Court **GRANTS** the Petition **IN PART**. Within **seven (7) days** of this Order, Respondent shall provide Petitioner with a bond hearing that complies with 8 U.S.C. § 1226(a). The Court further **ENJOINS** Respondent from pursuing Petitioner's detention under 8 U.S.C. § 1225(b).

**SO ORDERED**, this 21st day of August, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE